WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
ATTORNEYS AT LAW

8405 Greensboro Drive, Suite 100
McLean, Virginia 22102

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

Brian N. Krulick*
Bkrulick@wthf.com
*not licensed in Virginia

November 5, 2012

**VIA CM/ECF**

Honorable Thomas N. O'Neill, Jr., U.S.D.J.
4007 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:  *First Sealord Surety, Inc. v. Durkin & DeVries Insurance Agency, LLC*
           Civil Action No. 2:10-cv-832-TON

Dear Judge O'Neill:

This letter is submitted on behalf of First Sealord Surety, Inc. ("First Sealord") and briefly responds to Durkin & DeVries' Insurance Agency, LLC's ("Durkin & DeVries") submission on November 2, 2012 regarding the legal basis for First Sealord's claim for Breach of Fiduciary Duty. As set forth below, Durkin & DeVries' argument misstates the facts and, like many of its previously asserted straw arguments, attempts to distract and shield the Court from the true nature of the relationship between First Sealord and Durkin & DeVries.

The crux of Durkin & DeVries' argument is that because the Agency Agreement requires First Sealord's prior approval of any bonds that Durkin & DeVries' will issue, this somehow eliminates Durkin & DeVries' ability to bind First Sealord as it relates to third parties. This argument clearly fails. To establish an agency relationship, Pennsylvania law requires that:

Hon. Thomas N. O'Neill, Jr., U.S.D.J.
November 5, 2012
Page 2

> [T]he action must be a matter of consequence or trust, such as the ability to actually bind the principal or alter the principal's legal relations. **Indeed, implicit in the long-standing Pennsylvania requirement that the principal manifest and intention that the agent act on the principal's behalf is the notion that the agent has authority to alter the principal's relationships with third parties, such as binding the principal to a contract.**

Basile v. H&R Block, 761 A.2d 1115, 1121 (Pa. 2000) (emphasis added).

While the Agency Agreement does allocate risks between First Sealord and Durkin & DeVries, it is a complete and utter misstatement of fact to suggest that such allocation in any way diminishes or extinguishes Durkin & DeVries' unfettered ability to bind First Sealord to contracts (bid bonds and performance bonds) with third parties. In spite of Durkin & DeVries' attempts to distract the Court from the undisputable facts of this case, the truth is that if Durkin & DeVries issued a performance bond to an owner in First Sealord's name, First Sealord would be bound to the owner to perform as set forth in the terms and conditions of that performance bond even if Durkin & DeVries issued the performance bond without First Sealord's prior approval as required under the Agency Agreement. Simply put, the Agency Agreement deals with the obligations and liabilities between First Sealord and Durkin & DeVries, but has no effect whatsoever on Durkin & DeVries' ability to legally bind First Sealord to contracts with third parties.

This, of course, was precisely the issue for which St. Paul sued Durkin & DeVries in the Massachusetts District Court – Durkin & DeVries issued a $77 million bond without St. Paul's prior approval and even though St. Paul did not approve the bond, St. Paul was still contractually obligated to the owner to perform under it, causing St. Paul significant damages. And it is

Hon. Thomas N. O'Neill, Jr., U.S.D.J.
November 5, 2012
Page 3

precisely the reason that First Sealord asked Durkin & DeVries on the Agency Questionnaire whether it had ever been accused of issuing unauthorized bonds – because regardless of whether an agent has authority to issue bonds, the principal is going to be obligated to perform under them as it relates to the third party owner.

In sum, Durkin & DeVries' submission is just its latest attempt to run and hide from its obligations to First Sealord through distraction and obfuscation. It is beyond dispute that under Pennsylvania law, Durkin & DeVries was an agent of First Sealord and owed First Sealord a fiduciary duty of loyalty to act in First Sealord's best interest. Further, as set forth in First Sealord's Opposition to Durkin & DeVries' Motion for Summary Judgment (Doc. 38), record evidence supports First Sealord's claim for Breach of Fiduciary Duty. Accordingly, Durkin & DeVries' Motion for Summary Judgment must be denied.

Thank your for your consideration.

Respectfully submitted,

WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.

Brian N. Krulick

cc: Robert G. Barbour, Esq.
Christopher E. Torkelson, Esq.
Marshall D. Bilder, Esq.