**STERNS & WEINROTH**
A Professional Corporation
Marshall D. Bilder, Esq.
Christopher E. Torkelson, Esq.
50 West State Street, Suite 1400
Trenton, NJ  08607-1298
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
Attorneys for Defendant/Third Party Plaintiff, Durkin & DeVries Insurance Agency, LLC
n/k/a Durkin & Durkin Insurance Agency, LLC

---

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST SEALORD SURETY, INC., | Civil Action No.: 2:10-cv-00832- TON |
| Plaintiff, | |
| v. | |
| DURKIN & DEVRIES INSURANCE AGENCY, LLC, | **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |
| Defendant/Third Party Plaintiff, | |
| v. | |
| HELLER & SMITH CORPORATION, | |
| Third Party Defendant. | |

Defendant/Third Party Plaintiff, Durkin & DeVries Insurance Agency, LLC, now known as Durkin & Durkin Insurance Agency, LLC, ("Durkin") by way of answer to the First Amended Complaint of plaintiff, First Sealord Surety, Inc. in liquidation ("First Sealord"), hereby states as follows:

### AS TO THE PARTIES

1.     Durkin lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the First Amended Complaint.

2.     Durkin states that it is a limited liability company licensed to do business in the Commonwealth of Massachusetts, with its principal place of business in Massachusetts.   The remaining allegations set forth in this paragraph are vague, ambiguous and not susceptible to a response. Except as so stated, denied.

## AS TO JURISDICTION AND VENUE

3.     Paragraph 3 of the First Amended Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 3 of the First Amended Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

4.     Paragraph 4 of the First Amended Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 4 of the First Amended Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

5.     Paragraph 5 of the First Amended Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 5 of the First Amended Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

## AS TO BACKGROUND

6.     Durkin admits that on or about August 1, 2005, it entered into an Agency Agreement with First Sealord.  The Agency Agreement speaks for itself as to its terms and content.  Except as so stated, denied.

7.  Durkin admits that on or about August 1, 2005, it completed an Agency Questionnaire.  The Agency Questionnaire speaks for itself as to its terms and content. Except as so stated, denied.

8.  The Agency Questionnaire speaks for itself as to its terms and content.

9.  The Agency Questionnaire speaks for itself as to its terms and content.

10.  The Agency Questionnaire speaks for itself as to its terms and content.

11.  The Agency Questionnaire speaks for itself as to its terms and content.

12.  The Agency Questionnaire speaks for itself as to its terms and content.

13.  The Agency Questionnaire speaks for itself as to its terms and content.

14.  The Agency Questionnaire speaks for itself as to its terms and content.

15.  The Agency Questionnaire speaks for itself as to its terms and content.

16.  The Agency Questionnaire speaks for itself as to its terms and content.

17.  Durkin admits the allegations set forth in paragraph 17 of the First Amended Complaint.

18.  Durkin lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the First Amended Complaint.

19.  The Agency Agreement speaks for itself as to its terms and content.

20.  The Agency Agreement speaks for itself as to its terms and content.

21.  The Agency Agreement speaks for itself as to its terms and content.

22.  The Agency Agreement speaks for itself as to its terms and content.

23.  The Agency Agreement speaks for itself as to its terms and content.

24.     Durkin admits that in approximately 1998, it entered into an agency agreement with St. Paul Fire and Marine Insurance Company ("St. Paul").  The agency agreement with St. Paul speaks for itself as to its terms and content.  Except as stated, denied.

25.     The St. Paul agency agreement and power of attorney speak for themselves as to their terms and content.  Except as so stated, denied.

26.     Durkin admits the allegations set forth in paragraph 26 of the First Amended Complaint.

27.     Durkin states that in November 2003, St. Paul issued a performance bond to Eastern Contractors, Inc., in the amount of $77,252,000.00, for a project with the City of Lawrence.  Except as so stated, denied.

28.     St. Paul's May 3, 2004 letter referenced in paragraph 28 of the First Amended Complaint speaks for itself as to its terms and content.  Except as so stated, denied.

29.     Durkin's May 6, 2004 letter referenced in paragraph 29 of the First Amended Complaint speaks for itself as to its terms and content.  Except as so stated, denied.

30.     Durkin denies the allegations set forth in paragraph 30 of the First Amended Complaint.

31.     Durkin denies the allegations set forth in paragraph 31 of the First Amended Complaint.

32.     The First Amended Complaint filed by St. Paul, and Durkin's Answer to St. Paul's First Amended Complaint, speak for themselves as to their terms and content.

33.     Durkin admits the allegations set forth in paragraph 33 of the First Amended Complaint.

34.     Durkin states that on or about October 25, 2005, in its capacity as agent for First Sealord, Durkin presented a complete submission on behalf of Heller & Smith Corporation ("H&S") to the underwriting department at First Sealord.  Except as so stated, denied.

35.     Durkin states that in its capacity as agent for First Sealord, it requested bonds for various H&S projects.  Except as so stated, denied.

36.     Durkin states that it provided all known and available underwriting information for consideration by First Seafood's underwriting department and management team.  Except as so stated, denied.

37.     Durkin states that it provided all known and available underwriting information for consideration by First Seafood's underwriting department and management team.  Except as so stated, denied.

38.     Durkin denies the allegations set forth in paragraph 38 of the First Amended Complaint.

39.     Durkin states that it provided all known and available information regarding claims on H&S bonds to First Sealord.  Except as so stated, denied.

40.     Durkin states that it provided all known and available information regarding claims on H&S bonds to First Sealord.  Except as so stated, denied.

41.     Durkin states that in its capacity as agent for First Sealord, it requested bonds for various H&S projects and provided all known and available underwriting

information for consideration by First Sealord's underwriting department and management team.  Except as so stated, denied.

42.     Durkin states that plaintiff placed H&S in Job Funds Control.  Except as so stated, denied.

43.     Durkin denies the allegations set forth in paragraph 43 of the First Amended Complaint.

44.     Durkin denies the allegations set forth in paragraph 44 of the First Amended Complaint.

45.     Durkin denies the allegations set forth in paragraph 45 of the First Amended Complaint.

## AS TO COUNT I

### (Negligent Misrepresentations)

46.     Durkin repeats and reasserts its responses to the allegations set forth in paragraphs 1 through 45 of the First Amended Complaint as if set forth at length herein.

47.     Paragraph 47 of the First Amended Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 47 of the First Amended Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

48.     Durkin denies the allegations set forth in paragraph 48 of the First Amended Complaint, including all subparts.

49.     Durkin denies the allegations set forth in paragraph 49 of the First Amended Complaint.

50. Durkin denies the allegations set forth in paragraph 50 of the First Amended Complaint.

51. Durkin denies the allegations set forth in paragraph 51 of the First Amended Complaint.

52. Paragraph 52 of the First Amended Complaint sets forth factual allegations that are not directed to Durkin and Durkin lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent that paragraph 52 of the First Amended Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

53. Durkin denies the allegations set forth in paragraph 53 of the First Amended Complaint.

54. Durkin denies the allegations set forth in paragraph 54 of the First Amended Complaint.

**WHEREFORE,** Durkin & DeVries Insurance Agency, LLC, n/k/a Durkin & Durkin Insurance Agency, LLC, hereby demands judgment dismissing the First Amended Complaint with prejudice and awarding attorneys fees and costs incurred in defending against the First Amended Complaint, together with such other relief as the Court deems just and proper.

## AS TO COUNT II

### (Breach of the Agency Agreement)

55. Durkin repeats and reasserts its responses to the allegations set forth in paragraphs 1 through 54 of the First Amended Complaint as if set forth at length herein.

56.     Paragraph 56 of the First Amended Complaint refers to an Agency Agreement that speaks for itself as to its precise terms and content.  Except as so stated, denied.

57.     Durkin denies the allegations set forth in paragraph 57 of the First Amended Complaint.

58.     Durkin denies the allegations set forth in paragraph 58 of the First Amended Complaint.

59.     Durkin denies the allegations set forth in paragraph 59 of the First Amended Complaint.

**WHEREFORE,** Durkin & DeVries Insurance Agency, LLC, n/k/a Durkin & Durkin Insurance Agency, LLC, hereby demands judgment dismissing the First Amended Complaint with prejudice and awarding attorneys fees and costs incurred in defending against the First Amended Complaint, together with such other relief as the Court deems just and proper.

## AS TO COUNT III

### (Breach of Fiduciary Duty)

60.     Durkin repeats and reasserts its responses to the allegations set forth in paragraphs 1 through 59 of the First Amended Complaint as if set forth at length herein.

61.     Durkin denies the allegations set forth in paragraph 61 of the First Amended Complaint.

62.     Paragraph 62 of the First Amended Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 62 of the First Amended

Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

63.     Paragraph 63 of the First Amended Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 63 of the First Amended Complaint is intended to set forth factual allegations of wrongdoing directed against Durkin, those allegations are denied.

64.     Durkin denies the allegations set forth in paragraph 64 of the First Amended Complaint.

65.     Durkin denies the allegations set forth in paragraph 65 of the First Amended Complaint.

**WHEREFORE,** Durkin & DeVries Insurance Agency, LLC, n/k/a Durkin & Durkin Insurance Agency, LLC, hereby demands judgment dismissing the First Amended Complaint with prejudice and awarding attorneys fees and costs incurred in defending against the First Amended Complaint, together with such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted as against Durkin.

### SECOND DEFENSE

Plaintiff's damages, if any, are the result of plaintiff's own actions or inactions.

## THIRD DEFENSE

Plaintiff's claims against Durkin may be barred, or plaintiff's damages may be reduced, under the doctrines of contributory negligence and/or comparative negligence, pursuant to 42 Pa.Cons.Stat. §7102, and other applicable statutory and common law.

## FOURTH DEFENSE

Plaintiff's claims against Durkin may be barred or plaintiff's alleged damages must be reduced to the extent plaintiff failed to mitigate damages or by the doctrine of avoidable consequences.

## FIFTH DEFENSE

Plaintiff's damages, if any, were caused by or were the result of the actions or inactions of other parties over whom Durkin had no control or right of control.

## SIXTH DEFENSE

Plaintiff's damages, if any, may have been proximately caused by the independent, superseding and intervening acts of parties, persons and/or entities other than Durkin.

## SEVENTH DEFENSE

Plaintiff suffered no losses or damages by reason of any alleged actions or omissions of Durkin.

## EIGHTH DEFENSE

Plaintiff's claims against Durkin may be barred in whole or in part by the statute of limitations and/or by the entire controversy doctrine.

## NINTH DEFENSE

Plaintiff's claims against defendant may be barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, accord and satisfaction, and setoff and/or recoupment.

## TENTH DEFENSE

Plaintiff's claims are frivolous and are being asserted in violation of Fed.R.Civ.Proc.11.

## ADDITIONAL DEFENSES

Durkin reserves the right to add additional defenses as discovery progresses.

**WHEREFORE,** Durkin & DeVries Insurance Agency, LLC, n/k/a Durkin & Durkin Insurance Agency, LLC, hereby demands judgment dismissing the First Amended Complaint with prejudice and awarding attorneys' fees and costs incurred in defending against the First Amended Complaint, together with such other relief as the Court deems just and proper.

**STERNS & WEINROTH**
A Professional Corporation
Attorneys for Defendant/Third Party Plaintiff
 Durkin & DeVries Insurance Agency, LLC,
 n/k/a Durkin & Durkin Insurance Agency, LLC

By: ___/s/ Christopher E. Torkelson_____
Christopher E. Torkelson
ctorkelson@sternslaw.com

Dated: January 31, 2013

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on the date set forth below service was made of the foregoing Answer and Affirmative Defenses to First Amended Complaint, <u>via</u> electronic filing.

I certify that the foregoing statement made by me is true.  I am aware that if any of the foregoing statement is willfully false, I am subject to punishment.

/s/  Christopher E. Torkelson_____
Christopher E. Torkelson

Dated:  January 31, 2013